IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02256-BNB

ANDRE WHITELOW,

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General,
JOSEPH ORTIZ, Department of Corrections,
BILL OWENS, Governor of Colorado,
ALLEN STANLEY, Board of Parole,
JOHN AND JANE DOE 1-10,
JEANNE MILLER, C/O Community Corrections,
BILL SAMUDIO, West Metro Supervisor,
MATHEW HEAP, Supervisor,
MATE OLDORF, Parole Officer, and
DR. LYNN, Mental Health,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
        R COLORADO

JAN 25 2007

GREGORY C. LANGHAM
                CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Andre Whitelow is incarcerated at the Colorado Department of Corrections and currently is housed at the Denver, Colorado, Reception and Diagnostic Center. On December 11, 2006, he submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. §§ 1981-1988 and Title IV alleging that Defendants violated his constitutional rights. On January 9, 2007, Magistrate Judge Boyd N. Boland granted Plaintiff leave to proceed without payment of the initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Whitelow is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). Although a court must construe a complaint liberally, the court should not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

In the Complaint, Mr. Whitelow asserts three claims. In summary, he alleges that he has been classified as a sex offender due to a 1996 charge he received in the State of Illinois and that he is wrongfully being held and denied parole to Illinois. Plaintiff further asserts that his due process and equal protection rights have been violated because he is treated differently than Colorado offenders, and because he was not afforded notice or an opportunity to be heard when he was classified as a sex offender by Defendants.

Plaintiff asserts he has exhausted his administrative remedies. He requests money damages and release from incarceration. To the extent Plaintiff challenges the legality of his incarceration and requests a return to parole, the claim more properly is addressed in a habeas corpus action.

Plaintiff's sex offender classification claims alleged against Defendants Bill Samudio, Mathew Heap, Mate Oldorf, Dr. Lynn, and Allen Stanley will be drawn to a district judge and to a magistrate judge.

As for Defendants Alberto Gonzales, Joseph Ortiz, Bill Owens, and Jeanne Miller, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's

2

participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Whitelow asserts that Defendants Gonzales, Ortiz, Owens, and Miller are vicariously liable because of their supervisory positions. Therefore, they will be dismissed as parties to this action for lack of personal participation. Accordingly, it is

ORDERED that Defendants Alberto Gonzales, Joseph Ortiz, Bill Owens, and Jeanne Miller are dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court is directed to remove Defendants Alberto Gonzales, Joseph Ortiz, Bill Owens, and Jeanne Miller from the docketing record as parties to the action. It is

FURTHER ORDERED that Mr. Whitelow's claims against all remaining Defendants shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 25 day of Jan., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02256-BNB

Andre Whitelow
Reg. NO. 115006
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/25/07

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
      Deputy Clerk