IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02256-ZLW-MEH

ANDRE WHITELOW,

    Plaintiff,

v.

ALLAN STANLEY, Parole Board,
JOHN AND JANE DOE 1-10,
BILL SAMUDIO, West Metro Supervisor,
MATHEW HEAP, Supervisor,
NATHAN OLDORF, Parole Officer, and
DR. LYNN, Mental Health,

    Defendants.

---

## RECOMMENDATION ON MOTION FOR SUMMARY JUDGMENT

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Motion for Summary Judgment by Defendants Allan Stanley, Bill Samudio, Mathew Heap, and Nathan Oldorf [filed June 4, 2007; Doc #32]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1C, the Motion has been referred to this Court for recommendation. The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this Motion. The Court recommends that, for the reasons stated herein, the Motion for Summary Judgment be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and

## PROCEDURAL HISTORY

On December 11, 2006, the Plaintiff, Andre Whitelow, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated both the due process and equal protection clauses of the Fourteenth Amendment when they classified him as a sex offender, both at the time he was incarcerated in Colorado in or about 2002, and at the time he was paroled in August 2005. Defendants filed an Answer in response to the Complaint on February 26, 2007, admitting that Plaintiff was classified as a sex offender because he was convicted of felony Aggravated Sexual Abuse/Victim 13-16 in Illinois, and that Plaintiff is an inmate in the custody of the Colorado Department of Corrections, but denying essentially all other allegations. On June 4, 2007, Defendants filed the within Motion for Summary Judgment ("Motion"). In response to an Order to Show Cause filed July 26, 2007, the Plaintiff filed a timely response to the Motion on August 13, 2007. After preliminary review of the Motion and Response, this Court requested supplemental briefing from all parties on certain issues; in response, Defendants filed a timely Supplemental Brief in Support of Defendants' Motion for Summary Judgment ("Def. Supp.") on August 17, 2007. The Plaintiff did not respond.

## UNDISPUTED FACTS

On September 13, 1996, Plaintiff Andre Whitelow was convicted of felony Aggravated Criminal Sexual Abuse in Illinois, for which he was sentenced to two years' probation. [Complaint

---

recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

2

at p. 12.] Then, in or about 2002, the Plaintiff was convicted of motor vehicle theft in Colorado and sentenced to four years' imprisonment in the Colorado Department of Corrections ("CDOC"). [Complaint at p. 15.] Based on the prior Illinois conviction, Plaintiff was, at that time, classified by CDOC as a sex offender. [Complaint at 4.] Plaintiff was granted parole by the Colorado Parole Board on October 26, 2004. [Affidavit of Nathan Oldorf, May 11, 2007 ("Oldorf Aff."), at ¶ 2.]

On June 15, 2005, Plaintiff executed both an Acknowledgment of Notice to Register, which is attached to a Sex Offender Registration Information sheet [Def. Supp., Exh. B], and a Notice to Register as a Sex Offender. [Def. Supp., Exh. C.] On the Notice to Register, Plaintiff's signature acknowledges that he had been informed of the fact that he must register in Colorado, and of how and when to register. [*Id.*] Then, on August 9, 2005, Plaintiff executed a second Notice to Register as a Sex Offender. [Def. Supp., Exh. D.] The only difference between the June 15 Notice and the August 9 Notice appears to be the address and telephone number to which Plaintiff was paroled; on the June 15 Notice, the address and telephone number were located in Illinois, and on the August 9 Notice, the address and telephone number were located in Colorado. [*See* Def. Supp., Exhs. C & D.]

On August 20, 2005, the Plaintiff was paroled from the CDOC for a period of three years. [Oldorf Aff. at ¶ 2.] On October 21, 2005, the Plaintiff's parole officer, Defendant Nathan Oldorf, filed a complaint with the Colorado Parole Board requesting revocation of the Plaintiff's parole for his failure to comply with the parole agreement terms. [*Id.* at ¶ 4.] On November 1, 2005, the Plaintiff absconded parole supervision and was subsequently found in Illinois; upon return to Colorado, Plaintiff was held in Denver county jail awaiting a parole revocation hearing. [*Id.* at ¶ 5.] During this time, the Plaintiff was also charged with Failing to Register as a Sex Offender in violation of Colo. Rev. Stat. § 18-3-412.5. [*Id.*]

On October 26, 2006, Plaintiff pled guilty to Failing to Register as a Sex Offender, and was sentenced to six months in jail. [*Id.* at ¶ 6.] Then, on December 20, 2006, the Parole Board found Plaintiff guilty of violating the terms and conditions of his parole. [*Id.* at ¶ 7.] Plaintiff was revoked back to the custody of CDOC for the remainder of his parole period and remains detained at this time. [*Id.*]

## DISCUSSION

**I.   Standard of Review**

   A.   Summary Judgment

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a

4

genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

B.  *Pro Se* Standard

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

C.  Immunity for Governmental Employees

Defendants Stanley, Samudio, Heap and Oldorf argue that they are entitled to absolute and

qualified immunity on all of Plaintiff's claims. Absolute immunity protects certain government officials from monetary damages for actions taken within the scope of their employment. *See Forrester v. White*, 484 U.S. 219, 223 (1988). Parole board members have absolute immunity from damages liability for actions taken in performance of the board's official duties regarding the granting or denying of parole. *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).

Qualified immunity protects government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> In evaluating a claim for qualified immunity, the court must first determine whether, considered in the light most favorable to the plaintiff, the facts alleged state the violation of a [statutory or] constitutional right. . . . If so, the court must go on to determine whether the [statutory or] constitutional right was clearly established at the time of injury. . . . If the answer to either of these questions is no, the defendant is entitled to qualified immunity.

*People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). Thus, Plaintiff must first establish a violation of a constitutional right before this Court may determine whether that right was clearly established at the time of violation.

**II.   Analysis**

Here, construing the Complaint liberally, the Plaintiff asserts essentially three violations of the due process and equal protection clauses of the Fourteenth Amendment against the individual defendants[2]: (1) classification as a "sex offender" without due process upon his incarceration for the

---

[2]Plaintiff does not identify whether he is suing the Defendants in their official or individual capacities, or both. However, Plaintiff does allege in his Complaint that he brings his claims

motor vehicle theft conviction in approximately 2002 [Complaint at 6]; (2) classification as "the worst sex offender" and being "made to register [quarterly] for the rest of [his] life" without due process upon his parole in August 2005 [Complaint at 7 & 15]; and (3) race discrimination and "retaliation" during his parole revocation hearing in September 2006 [Complaint at 8]. The Court will address each claim in turn.

### A. Classification as "Sex Offender" in 2002

Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1983 ("Section 1983"). [Complaint at 5.] Section 1983 does not, itself, contain a statute of limitations. *See Blake v. Dickason,* 997 F.2d 749, 750-51 (10th Cir. 1993). The Supreme Court has directed that, in the absence of an explicit statute of limitations, courts should adopt an analogous state limitation period so long as it is not inconsistent with federal law or policy. *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985). In Colorado, Section 1983 actions are governed by the residual statute of limitations, Colo. Rev. Stat. § 13-80-102(1)(i), with a time period of two years. *Blake*, 997 F.2d at 751.

Here, the Plaintiff brought his action in December 2006, approximately four years after his first claim began accruing. Consequently, under *Blake* and its progeny, Plaintiff's first claim for relief is time-barred and should be dismissed.[3]

---

pursuant to 42 U.S.C. § 1983. *See* Complaint at 5. Suits for monetary damages against state officials in their official capacity are equivalent to suits against the state itself, and are barred under Section 1983. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Here, the Plaintiff seeks monetary damages against each of the named defendants. Complaint at 19. To the extent Plaintiff's claims for monetary relief are brought in the Defendants' official capacities, such claims are barred, and should be dismissed.

[3]Even were Plaintiff's first claim for relief timely, it likely would be barred as an improper collateral attack on his conviction.

B.      <u>Requirement to Register as "Sexually Violent Offender" in 2005</u>[4]

Plaintiff claims that he should have received a hearing "presided over by a sentencing judge to determine if [he] was a sexually violent offender before [he] would be required to register quarterly." [Complaint at 7.] In Colorado, any person convicted of a sexual offense in any other state or jurisdiction for which the person, as a result of the conviction, would be required to register if convicted in Colorado must register in accordance with Colo. Rev. Stat. § 16-22-108, so long as the person is a temporary or permanent resident in Colorado. Colo. Rev. Stat. § 16-22-103(3) (2007). According to Section 16-22-108, such persons must initially register within five days of release, then again on the person's birth date, then annually thereafter on the same birth date. Colo. Rev. Stat. § 16-22-108(1)(a) (2007). However, if the person is a "sexually violent predator," such person must register for the remainder of his or her natural life, starting with ninety days after release, then every ninety days until the person's birth date, then every ninety days thereafter. Colo. Rev. Stat. § 16-22-108(1)(d) (2007).

Here, Plaintiff claims that he was denied due process in August 2005 when he was classified as a "sexually violent predator" and required to register every ninety days under Section 16-22-108(1)(d) without a hearing. [Complaint at 7.] However, Defendants disagree that Plaintiff was classified as a sexually violent predator, contending that Plaintiff's 1996 conviction in Illinois, if

---

[4]Plaintiff characterizes this claim as an equal protection violation, saying that he, as an out-of-state resident, was treated differently than Colorado residents in being denied a hearing before classification. *See* Complaint at 7. However, Defendants assert that no prisoners, including Colorado residents, receive hearings before classification, and the Court can find no authority or support for the proposition that Colorado residents (or any persons) receive hearings before being classified as a sex offender pursuant to Colo. Rev. Stat. § 16-22-108(1)(a). Therefore, there are no similarly situated individuals treated differently than Plaintiff, and no violation of the equal protection clause here.

8

committed in Colorado, would constitute an unlawful sexual offense defined by Colo. Rev. Stat. § 18-3-411(1); consequently, according to Defendants, the Plaintiff must register annually, as opposed to quarterly, pursuant to Colo. Rev. Stat. § 16-22-108(1)(a). [Def. Supp. at 2.]

Here, Plaintiff was released under parole supervision on August 20, 2005, Defendant Oldorf filed a complaint alleging violations of Plaintiff's parole conditions on October 21, 2005, and on November 1, 2005, Plaintiff had absconded parole supervision and was found in Illinois, after which he was returned to Colorado and detained. Again, according to Section 16-22-108(1)(a), a person classified as a sex offender in Colorado must initially register within five days of release, then again on his or her birthday, then annually thereafter. Here, the Plaintiff's birthday is March 22, 1975. [Def. Supp., Exh. 4.] Thus, the only instance upon which the Plaintiff was required to register as a sex offender would have been within five days of August 20, 2005, when he was released on parole. The Plaintiff will not be required to register again until he is released from his current incarceration.

According to a Sentencing Minute Order dated October 26, 2006, which is attached to Defendants' Supplemental Brief as Exhibit E, the Plaintiff pled guilty to one count of Failure to Register as a Sex Offender in violation of Colo. Rev. Stat. § 18-3-412.5(1)(A), (3), a class one misdemeanor. [*See* Def. Supp., Exh. E.] The Plaintiff waived the establishment of a factual basis, and was sentenced to six months in the Denver County jail to run concurrently with his Department of Corrections sentence. [*Id.*] Thus, Plaintiff would have completed his sentence six months from the date of his detention in November 2005, at which time he was extradited from Illinois and detained pending a parole revocation hearing.

As to any claim by Plaintiff concerning classification as a sexually violent predator required to register quarterly, Defendants have represented that this is not true and that Plaintiff has no

justiciable claim. As to any claim challenging classification as a sex offender who is required to register annually, the Plaintiff has pled guilty to his failure to register. A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. *United States v. Broce*, 488 U.S. 563, 569 (1989). A defendant who makes a counseled and voluntary guilty plea admits both the acts described in the indictment and the legal consequences of those acts. *Id.*

Generally, a collateral attack on a conviction resulting from a guilty plea is "confined to whether the underlying plea was both counseled and voluntary." *Osborn v. Shillinger,* 997 F.2d 1324, 1327 (1993) (quoting *Broce*, 488 U.S. at 569). Thus, a guilty plea bars subsequent challenges based on nonjurisdictional, pre-plea errors. *See, e.g., Menna v. New York,* 423 U.S. 61, 62 n. 2 (1975); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). Exceptions to this general rule exist only when, on the face of the record, the court has no power to enter the conviction or impose the sentence. *Broce*, 488 U.S. at 569.

Plaintiff's claim is barred under *Broce* and its progeny in this collateral proceeding because the Plaintiff does not contend that his plea was either uncounseled or involuntary, and none of the exceptions recognized in *Broce* permitting a collateral challenge to a guilty plea are applicable here. *See United States v. Allen*, 24 F.3d 1180, 1183 (10th Cir. 1994) (finding that plaintiff waived constitutional challenge by his guilty plea). Here, Plaintiff cannot prove his due process claim without contradicting the admissions in his knowing and voluntary guilty plea, namely, that he understood he

was waiving any right to a hearing or trial before being classified as a sex offender who was required to register under Colo. Rev. Stat. § 16-22-108. As such, Plaintiff has failed to establish a violation of his constitutional right to due process, and the Defendants are entitled to qualified immunity on this claim.

### C.     Race Discrimination/Retaliation during Parole Revocation Hearing in 2006

Plaintiff, an African-American male, asserts that he suffered race discrimination and "retaliation," and that his life was "put in danger by [his] parole officer and the Parole Board" when it was "repeatedly implied" that he was a sex offender and discussed openly that he failed to register and participate in the Sex Offender Treatment Program ("SOTP") during his parole revocation hearing on September 1, 2006 in the presence of other Denver County inmates. [*See* Complaint at 8.]

First, Plaintiff alleges no facts sufficient to demonstrate that Defendants Samudio and Heap, as parole office supervisors, personally participated in the deprivation of his equal protection rights during the parole revocation hearing. "A defendant cannot be liable under § 1983 unless personally involved in the deprivation." *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). The complaint must allege an affirmative link between the alleged constitutional violation and the specific individual's participation in that violation. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1157 (10th Cir. 2001). Consequently, Plaintiff's third claim for relief should be dismissed against Defendants Samudio and Heap.

Second, with respect to Defendant Stanley, a Parole Board Member, absolute immunity would not apply in this case since the allegations of race discrimination do not pertain to the grant or denial of the Plaintiff's parole. *See Russ*, 972 F.2d at 303. However, both Defendants Stanley and Oldorf,

as government officials in their individual capacities, may be entitled to qualified immunity if the Plaintiff fails to establish a constitutional violation.

Racial discrimination can violate the Fourteenth Amendment right to equal protection of the law and state a cause of action under 42 U.S.C. § 1983. *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1243 (10th Cir. 2000). To state an equal protection claim based on race, the Plaintiff must establish that Defendants treated him differently than non-African-American parolees. *Id.* Here, Plaintiff has alleged no facts demonstrating that, in discussing openly his sex offender classification and his failure to register, the Defendants treated him differently than non-African-American parolees. Consequently, Plaintiff cannot establish a violation of his equal protection rights, and his third claim for relief should be dismissed against Defendants Stanley and Oldorf.

## **CONCLUSION**

Accordingly, for the reasons stated above, the Court RECOMMENDS that the Motion for Summary Judgment filed by Defendants Stanley, Samudio, Heap and Oldorf [filed June 4, 2007; Docket #32] be **granted**.

Dated at Denver, Colorado, this 14th day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge